PIERCE, Judge.
The State of Florida appeals to this Court from an order entered by the Pinel-las County Circuit Court granting a motion to dismiss a criminal information heretofore filed in that Court.
On December 30, 1969, appellee Carlton Barney, Jr., was informed against for having, on November 13, 1969, carried “on or about his person a concealed firearm, to-wit: a gun”. Barney filed motion to dismiss the information on the ground that the statute under which the charge was filed did not confer jurisdiction on said Circuit Court to try the offense alleged. On March 4, 1970, the Court granted said motion and dismissed the cause. The State appeals to this Court from said order, and contends that the Circuit Court did in fact have jurisdiction. We agree and reverse.
Prior to October 1, 1969, it was a misdemeanor for any person to “carry arms * * * concealed on or about his person * * * F.S. § 790.01 F.S.A. The 1969 Legislature, however, changed the old Ch. 790 F.S., and differentiated the offenses of carrying a “concealed firearm” and carrying a “concealed weapon”. Carrying a concealed gun was specifically included in the definition of carrying a concealed firearm. Carrying a concealed firearm was categorized as a felony, while carrying a concealed weapon was categorized as a misdemeanor, and appropriate penalties were prescribed for each such separate violation. This 1969 amendatory Act, as before indicated, became effective by its terms on October 1, 1969.
The information in the case here charged that appellee Barney on November 13, 1969, “did then and there carry on or about his person a concealed firearm, to-wit: a gun.” On November 13, 1969, the date the alleged offense was committed, the 1969 Act aforesaid had already taken effect. Therefore the offense charged was a felony.
The Civil and Criminal Court of Record of Pinellas County, established by the 1965 Legislature by Ch. 65-720, was given criminal jurisdiction only “to try and determine all violations of the criminal laws of the state constituting misdemeanors, which arise in Pinellas County”. § 2(4) Ch. 65-720. The instant case being a prosecution for a felony is therefore not triable in said statutory Court.
Art. V, § 6, Constitution of Florida, F.S. A., gives to the Circuit Courts “exclusive original jurisdiction * * * in all criminal cases not cognizable by subordinate Courts”. The Pinellas County Circuit Court is the only Court in that County having jurisdiction to try felonies. This being true, the order of the Circuit Court granting the motion of Barney to dismiss the information against him because the Court was without jurisdiction to try the offense was error. See State of Florida v. Hardy, Fla.App.1970, 239 S.2d 279, opinion filed September 16, 1970.
The order appealed from is therefore—
Reversed, for appropriate proceedings in the trial Court not inconsistent herewith.
LILES, A. C. J., and MANN, J., concur.